Filed 8/4/25  P. v. Farias CA4/1

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JESUS FARIAS,<br><br>  Defendant and Appellant. | D083966<br><br><br>(Super. Ct. No. SCS249301) |

APPEAL from a judgment of the Superior Court of San Diego County, David J. Danielsen, Judge.  (Retired Judge of the S.D. Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Gerald J. Miller, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney general, Charles C. Ragland, A. Natasha Cortina and Christine Levingston Bergman, Deputy Attorneys General, for Plaintiff and Respondent.

## MEMORANDUM OPINION[1]

In 2012, Jesus Farias pleaded guilty to one count of voluntary manslaughter (Pen. Code § 192, subd. (a)).[2] He also admitted allegations that he used a handgun in connection with the offense (§ 12022.5, subd. (a)) and had one prison prior for car theft (§ 667.5, former subd. (b) [as amended to limit prison priors by Stats. 2019, ch. 590, § 1].) Farias stipulated to a 22-year sentence comprised of the 11-year upper term for his manslaughter conviction (§ 193, subd. (a)), a consecutive 10-year upper term for the firearm allegation (§ 12022.5, subd. (a)), and a consecutive one-year enhancement for the prison prior (former § 667.5, subd. (b)). This sentence was imposed on August 2012. Farias remains in custody.

When Farias was sentenced, section 667.5, former subdivision (b) required the imposition of "a one-year enhancement for any nonviolent felony for which a prison sentence was imposed, unless the defendant remained free of custody for at least five years after completing that sentence." (*People v. Espino* (2024) 104 Cal.App.5th 188, 194.) But since January 1, 2020, only prison priors involving "sexually violent offense[s]" may be used to enhance a sentence. (*Id.* at p. 195; Stats. 2019, ch. 590, § 1.) The Legislature has also deemed "legally invalid[]" any sentence imposed before January 2020 that—like Farias's—was enhanced by a prison prior for other than a sexually violent offense. (§ 1172.75, subd. (a).) A court must recall such a sentence and resentence the defendant under current laws. (*Id.,* subds. (b)–(d).) This resentencing "shall result in a lesser sentence than the one originally

---

[1]    This case is appropriate for resolution by memorandum opinion because it raises "no substantial issues of law or fact." (Cal. Stds. Jud. Admin., § 8.1; see *People v. Garcia* (2002) 97 Cal.App.4th 847.)

[2]    Subsequent undesignated statutory references are to the Penal Code.

imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (*Id.*, subd. (d)(1).)

This appeal concerns the court's decision to resentence Farias to the upper terms on the manslaughter conviction and gun allegation. Among the court's explanations for imposing these upper term sentences is this statement to which Farias did not object but with which he now takes issue: "And the stipulation to an upper term, I think, based upon the facts and circumstances of the use of the gun in this case warrant an upper term on the enhancement as well." The "facts and circumstances" the court appeared to be referring to were "the placement of the gun, close to the skin, near the heart, shot in a downward direction."

Citing this rationale, Farias contends that a second resentencing is necessary. Although he does not challenge the propriety of the firearm enhancement, Farias complains that the trial court impermissibly used the admitted gun allegation as the basis for two additional sentencing choices— selecting the upper term sentences for both the voluntary manslaughter conviction and the enhancement.[3] (See *People v. Scott* (1994) 9 Cal.4th 331, 350 (*Scott*) ["the court generally cannot use a single fact both to aggravate the base term and to impose an enhancement"]; § 1170, subd. (b)(5) ["The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed"].)

---

[3] The trial court suggested that Farias's stipulation to the upper term was "a factor the Court can rely upon in the imposition of sentence." But the mere fact that Farias stipulated to upper term sentences in 2012 cannot be considered an admission that sufficient aggravating factors exist under current law applicable at resentencing. (See *People v. Fox* (2023) 90 Cal.App.5th 826, 835.)

An objection at the time of sentencing is required to preserve appellate review of a "claim[] involving the trial court's failure to properly make . . . its discretionary sentencing choices[]" (*Scott*, *supra*, 9 Cal.4th at p. 353), such as the selection of the upper term (*People v. Velasquez* (2007) 152 Cal.App.4th 1503, 1511). This category of forfeitable claims includes the allegation of error raised here—"the court purportedly erred because it double-counted a particular sentencing factor." (*Scott*, at p. 353.) Having failed either to object to this perceived error or to explain on appeal why his upper term sentences were "unauthorized" because they "could not lawfully be imposed under any circumstance," he has forfeited review of his claim. (*Id.*, pp. 353–354.)

In an attempt to avoid forfeiture, Farias asserts that his trial counsel's failure to object constituted ineffective assistance of counsel. We must reject this claim because the record "sheds no light on why counsel . . . failed to act in the manner challenged." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–267 [unless defense counsel was asked to explain their conduct, or there simply could be no satisfactory explanation, ineffective assistance claim "is more appropriately decided in a habeas corpus proceeding"].)

## DISPOSITION

The judgment is affirmed.

DATO, Acting P. J.

WE CONCUR:


KELETY, J.


CASTILLO, J.

4